[No. 1963. Decided December 18, 1895.]

THE COUNTY OF MASON et al., *Appellants*, v. S. G. SIMPSON, *Respondent*.

TAXATION — POLL TAXES — RESIDENCE OF TAXPAYERS — LIABILITY OF EMPLOYER FOR PAYMENT — REMEDY FOR NON-PAYMENT.

An employer cannot be rendered liable for the poll tax of his employees under the provisions of Laws of 1893, p. 151, §§ 6 and 7, unless it is made to appear, that they reside in the road district where assessed, as the mere fact of working therein does not subject them to the tax.

The method pointed out in Laws 1893, p. 151, § 7, for the collection of road poll taxes by seizure and sale of the personal property of the employer who refuses to pay the tax assessed against his employees is exclusive of other remedies, and the employer cannot be rendered liable upon an agreement with the supervisor for the payment of the sum demanded.

Appeal from Superior Court, Mason County.— Hon. MASON IRWIN, Judge. Affirmed.

*C. W. Hartman,* for appellants.

*H. S. Tremper,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The lower court having sustained a demurrer to the complaint in this action; and the appellant electing to stand upon said complaint and refusing to amend, judgment of dismissal was given, and the cause is here upon appeal.

The complaint is too lengthy to permit of being copied into this opinion, but in his brief the learned prosecuting attorney of the county has set forth the substance of what he claims is shown by the complaint, and we adopt that statement, which is as follows:

"1. That plaintiff Mason County is a municipal corporation; that during the year 1894 J. W. Pratt was the road supervisor of road district No. 12, said county.

2. That defendant S. G. Simpson during said time was doing business in said road district under the business name and style of S. G. Simpson & Co.

3. That during the months of May and June, said year (1894) said defendant had in his employ a large number, to wit: 127 men, all of whom were and each of whom was an inhabitant of the State of Washington, over the age of 21 years and under the age of 50 years, residing outside of the limits of an incorporated town or city, not exempt from road poll tax and liable to and subject to the payment of such road poll tax of four dollars for said year 1894, setting forth their names; p. 2, transcript.

4. That the plaintiff, Pratt, as such road supervisor, duly listed and assessed each of said persons for the payment of said road poll tax and duly gave each of them, said employees, notice when and where he should appear and perform labor on the public roads of said road district in payment of said poll tax, and that they each neglected, failed and refused to perform any labor or to pay. That they would not pay the said road tax in labor or money. Whereupon said supervisor duly demanded of the defendant, their employer,

the amount of road poll tax so due and payable from each of his said employees, and in consideration of the premises it was agreed by and between said road supervisor and defendant, S. G. Simpson, that the attested road poll tax receipts should be made out by said road supervisor for each of said employees in the sum of four dollars each and that the said receipts should be left with defendant Simpson for said employees and for each of them, and that defendant Simpson would deduct the amount thereof from wages due said persons and pay it over to the road supervisor on or before December, 1894. That said road supervisor fully complied with said agreement on his part and received the defendants's receipt for said poll tax receipts, 127 in number, a copy of which is set out in the complaint.

5. That defendant Simpson has neglected, refused, after demand by the road supervisor to pay over to him and has refused to pay to Mason county any part of said road poll tax, still retains the same; that said J. W. Pratt, supervisor, has been unable to settle with and account with said Mason county for said road poll tax receipts or for the sum of $508 or any part thereof; that the whole thereof is due and owing from the defendant and unpaid. Demand for $508 and costs."

The demurrer was taken upon several grounds, but it appears that it was sustained by the lower court upon the ground that it does not state facts sufficient to constitute a cause of action. Sections 6 and 7 of the act approved March 9, 1893 (Laws 1893, p. 151), are as follows:

"Sec. 6. Every male inhabitant of this state over twenty-one years and under fifty years of age, residing outside of the limits of an incorporated city or town, unless by law exempt, shall annually pay a road poll tax of four dollars which shall be assessed and collected by the road supervisor of the district in which any person liable therefor resides, and which must be collected by the road supervisor on or before the first day of December of the year for which such road poll

tax is charged. Such road poll tax must be paid on demand to the road supervisor as hereinafter provided.

"Sec. 7. The road supervisor shall annually, in the month of March, make a list of all the persons in his district liable for road poll tax for that year, and shall demand from each person on such list the amount due from such person as such road poll tax. If any person liable for the road poll tax herein required to be assessed and collected, refuses to pay the same when demanded by the road supervisor, and such person is in the employ of any person, firm, corporation or company in such district, the road supervisor shall demand the payment of the road poll tax due from such person, from the person, firm, corporation or company having such person in their employ, and from thenceforth the employer of such person shall be liable for such road poll tax, and the road supervisor shall enforce payment of the same as hereinafter provided. If any person, firm, corporation or company refuses or neglects to pay the road poll tax due from such person, firm, corporation or company, or for which they may become liable under the provisions of this act, the road supervisor is hereby authorized and empowered, and required, to collect the said tax by seizure and sale of any personal property belonging to such person, firm, corporation or company that may be found in the county in and for which such road supervisor is elected and in which such tax is due. When any property is seized by the road supervisor under the provisions of this act, it may be sold by the road supervisor, after having first given two days' notice to the owner of such property and by posting or causing notice of the time and place of sale of such property to be posted in three conspicuous places in the district in which the said road poll tax is due, for at least two days prior to such sale."

It seems clear that the respondent cannot be held liable in the present action unless it appears that the persons assessed were liable to said road district No.

12 for the payment of poll tax for the year 1894, and we think the complaint should have stated that said persons so assessed were residents of said district. This nowhere appears in the complaint, and it certainly does not follow that they are to be considered residents of said district from the mere fact that they worked therein. The poll tax which the statute exacts is payable only to the supervisor of the district in which a party resides. It does not appear from the complaint that the supervisor of district No. 12 is such person in this case. The liability is created by the statute and is not to be extended beyond the terms of the statute. For this reason we think that the demurrer was properly sustained.

But we think that a like conclusion is reached in another view of the complaint. It is clear that the supervisor is not pursuing the remedy pointed out by the act in question, for the enforcement of the liability of a firm or company having persons in its employ liable to the payment of poll taxes, but the complaint is constructed upon the theory that the respondent has become liable for the payment of the sum demanded by reason of an agreement entered into with the supervisor. It is, we think, sufficient answer to say that the law having specifically pointed out the method of proceedure it was not within the power of the supervisor to disregard such method. The law under which he was acting admits of the existence of no such power. The county or district would not be bound thereby. If it is to be considered as the personal agreement of the supervisor, then the county of Mason is not a proper party. It does not follow, as counsel for appellants assumes, that the county of Mason cannot settle with the supervisor. Under § 10 of said act the supervisor of a district becomes chargeable with

each poll tax receipt delivered to him by the auditor at the time of its delivery, and the same section entitles the supervisor to credit for each of said road poll tax receipts returned to the auditor at the time of the final settlement of said supervisor.

We are not in the present proceeding called upon to determine to what extent ( if at all ), the supervisor has by his act become liable to his county, but we are clearly of the opinion that the demurrer was properly sustained and the judgment will be affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.